# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>MARVIN DARBY, DEFENDANT | CASE NUMBER<br><br>2:05-CR-177 |

## MOTION IN LIMINE

**COMES NOW** the Defendant, in the above styled matter and moves this Honorable Court pursuant to *Rule 402* and/or *Rule 403, Federal Rules of Evidence*, to issue an Order prohibiting the government from introducing into evidence at trial testimony or documents related to expert examination of finger prints with respect to Defendant's prior criminal arrests and/or convictions.

In support of the foregoing motion Defendant shows the following:

1. Defendant is charged with two counts of being a felon in possession of a firearm in violation of *Title 18, United States Code, §§ 922(g)(1) and 924(e).*

2. The Defendant offers a stipulation to the fact that he has been convicted of at least one prior felony to satisfy the Government's burden of proof of this element of the charged offense; and thus Defendant is waiving his right to have the Government produce evidence of his felony status. The United States Supreme Court has held that a District Court abuses its discretion if it denies a defendant's attempt to stipulate that he

has a prior felony conviction and when the evidence is solely to prove the element of a prior conviction. *Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644 (1997).*

   3. The discovery in this case indicates that the Government used an expert to review and confirm that the fingerprints obtained from the Defendant when he was processed pursuant to the arrest for the charged offenses in this case matched the fingerprints that were obtained from his prior arrests.

   4. Introduction of expert's results is not needed to prove that the Defendant has a prior felony conviction and would only serve to unduly prejudice the Defendant and cause needless presentation of cumulative evidence. The expert's testimony would not be relevant to any issue that will be presented during the trial. *Rule 402, F.R.E.* prohibits introduction of any evidence deemed to be irrelevant. Even if this Court rules that this evidence is relevant, *Rule 403, F.R.E.* states that relevant evidence may be held inadmissible if the probative value is substantially outweighed by the danger of unfair prejudice or if the Court finds that such evidence would cause "undue delay, waste of time, or needless presentation of cumulative evidence."

   **RESPECTFULLY SUBMITTED** this the 8th day of February, 2006.

            **/s/ Daniel G. Hamm**

            DANIEL G. HAMM (HAM043)
            ATTORNEY FOR THE DEFENDANT
            **DANIEL G. HAMM, P.C.**
            560 S. MCDONOUGH ST., STE. A
            MONTGOMERY, ALABAMA 36104
            TELEPHONE 334-269-0269
            FAX    334-323-5666

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Motion in Limine by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below or parties if not represented by counsel.

**DONE** this the 8th day of February, 2006.

/s/ **Daniel G. Hamm**

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
**DANIEL G. HAMM, P.C.**
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE   334-269-0269
FAX         334-323-5666

Karl Cooke
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36101