# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>MARVIN DARBY, DEFENDANT | CASE NUMBER<br><br>2:05-CR-177 |

## MOTION IN LIMINE

**COMES NOW** the Defendant, in the above styled matter and moves this Honorable Court pursuant to *Rule 402*, *Rule 403, Rule 404(b), Federal Rules of Evidence*, to issue an Order prohibiting the Government from introducing evidence at trial with respect to Defendant's prior criminal arrests and/or convictions.

In support of the foregoing motion Defendant shows the following:

1. Defendant's trial is scheduled to begin February 13, 2006. Defendant may choose to exercise his right to not testify at trial.

2. Defendant is charged with two counts of being a felon in possession of a firearm in violation of *Title 18, United States Code, §§ 922(g)(1) and 924(e)*.

3. Defendant contends that *Rule 404(b), F.R.E..,* prohibits the Government from introducing his prior crimes, wrongs, or acts as evidence to prove the character of the Defendant in order to show action in conformity therewith. The Defendant does not have any prior gun related convictions or any prior convictions that would be considered.

Therefore, the introduction of Defendant's prior convictions would serve no purpose other than to unfairly prejudice the Defendant.

   4. The Defendant will be stipulating to the fact that he has been convicted of at least one prior felony to satisfy the Government's burden of proof of this element of the charged offense; and thus Defendant is waiving his right to have the Government produce evidence of his felony status. The United States Supreme Court has held that a District Court abuses its discretion if it denies a defendant's attempt to stipulate that he has a prior felony conviction and when the evidence is solely to prove the element of a prior conviction. *Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644 (1997)*.

   5. Introduction of evidence of Defendant's prior convictions would be irrelevant to the present case and would serve to unfairly prejudice the defendant. *Rule 402, F.R.E.* prohibits introduction of any evidence deemed to be irrelevant. Even if this Court rules that this evidence is relevant, *Rule 403, F.R.E.* states that relevant evidence may be held inadmissible if the probative value is substantially outweighed by the danger of unfair prejudice.

   **RESPECTFULLY SUBMITTED** this the 8th day of February, 2006.

               **/s/ Daniel G. Hamm**

               DANIEL G. HAMM (HAM043)
               ATTORNEY FOR THE DEFENDANT
               **DANIEL G. HAMM, P.C.**
               560 S. MCDONOUGH ST., STE. A
               MONTGOMERY, ALABAMA 36104
               TELEPHONE 334-269-0269
               FAX      334-323-5666

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Motion in Limine by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below or parties if not represented by counsel.

**DONE** this the 8th day of February, 2006.

                        **/s/ Daniel G. Hamm**

                        DANIEL G. HAMM (HAM043)
                        ATTORNEY FOR THE DEFENDANT
                        **DANIEL G. HAMM, P.C.**
                        560 S. MCDONOUGH ST., STE. A
                        MONTGOMERY, ALABAMA 36104
                        TELEPHONE    334-269-0269
                        FAX                    334-323-5666

Karl Cooke
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36101