# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>MARVIN DARBY, DEFENDANT | CASE NUMBER<br><br>2:05-CR-177 |

## MOTION IN LIMINE

**COMES NOW** the Defendant, in the above styled matter and moves this Honorable Court pursuant to *Rule 402* and/or *Rule 403, Federal Rules of Evidence*, to issue an Order prohibiting the Government from introducing evidence at trial related to the alleged theft of the firearm that is the subject of Count I in the indictment.

In support of the foregoing motion Defendant shows the following:

1. Defendant is charged with two counts of being a felon in possession of a firearm in violation of *Title 18, United States Code, §§ 922(g)(1) and 924(e)*. The firearm described in Count I of the indictment is also the subject of an investigation wherein the firearm was alleged to have been stolen on or about December 27 or 28, 2004. The discovery in this case includes what appears to be a timesheet of Defendant's work hours which include the December 27 and 28, 2004. This timesheet suggests that the Government could attempt to introduce the timesheet or other evidence that would suggest that Defendant was involved with the theft of the firearm.

2. The facts surrounding the alleged theft of the firearm in Count I of the indictment have no relevancy related to the Government's burden of proving the necessary elements of the indicted offenses. The Government in this case must prove three (3) elements to convict the Defendant: (1) that the defendant is a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm traveled in interstate commerce. *United States v. Glover, 431 F.2d 744 (11th Cir. 2005)*.

3. The Government's case would not be hindered by exclusion of all evidence regarding the alleged stolen firearm because it would have no bearing on the Government's burden of proof in this case.

4. Defendant has not been charged with the theft of the firearm nor has be been charged with receiving stolen property or the breaking and entering or burglary of where the firearm was been stored. Introduction of the timesheet or any other evidence related to the theft of the alleged stolen firearm stated in Count I should be held to be irrelevant to this case. *Rule 402, F.R.E.* prohibits introduction of any evidence deemed to be irrelevant. Even if this Court rules that this evidence is relevant, *Rule 403, F.R.E.* states that relevant evidence may be held inadmissible if the probative value is substantially outweighed by the danger of unfair prejudice or if the Court finds that such evidence would cause "undue delay, waste of time, or needless presentation of cumulative evidence." Introduction of evidence regarding as to a possible stolen firearm would suggest to the jury that the defendant was involved in additional illegal activity that would unfairly prejudice the defendant.

**RESPECTFULLY SUBMITTED** this the 8th day of February, 2006.

/s/ **Daniel G. Hamm**

Daniel G. Hamm (HAM043)
Attorney for the Defendant
**Daniel G. Hamm, P.C.**
560 S. McDonough St., Ste. A
Montgomery, Alabama 36104
Telephone     334-269-0269
Fax           334-323-5666

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Motion in Limine by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below or parties if not represented by counsel.

**DONE** this the 8th day of February, 2006.

/s/ Daniel G. Hamm

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
**DANIEL G. HAMM, P.C.**
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE   334-269-0269
FAX         334-323-5666

Karl Cooke
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36101