[DO NOT PUBLISH]

RECEIVED

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| May 11, 2007 |
| THOMAS K. KAHN |
| CLERK |

————————————

No. 06-13341
Non-Argument Calendar

————————————

D. C. Docket No. 05-00177-CR-2-LSC-VPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN DARBY,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Alabama

————————————

**(May 11, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Marvin Darby appeals his conviction and 250-month sentence for

being a felon-in-possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court sentenced Darby as an armed career criminal, pursuant to 18 U.S.C. § 924(e), because it found that Darby's prior state convictions for arson, burglary, and escape were "violent felonies" for purposes of the Armed Career Criminal Act ("ACCA"). Darby argues on appeal that the district court erred when it found that his escape conviction was a violent felony because it did not involve conduct that presented a serious potential risk of physical injury to another. Darby also argues that the district court erred by enhancing his sentence, pursuant to U.S.S.G. § 2K2.1(b)(4), because the fact that the rifle used in the offense was stolen was neither admitted by him nor found by a jury, as is required by *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Darby's third argument on appeal is that the district court erred in denying his motion for judgment of acquittal because the only evidence linking him to the crime was the testimony of two witnesses who gave conflicting and inconsistent testimony.

Darby first argues that his escape conviction is not a violent felony and, therefore, the district court erred when it sentenced him as an armed career criminal. We review *de novo* whether a particular conviction is a "violent felony" for purposes of the ACCA. *United States v. Matthews*, 466 F.3d 1271, 1273 (11th

2

Cir. 2006).

The armed career criminal provision applies to defendants subject to an enhanced sentence under 18 U.S.C. § 924(e) for having at least three prior convictions for "violent felonies," "serious drug offenses," or both. U.S.S.G. § 4B1.4(a). The term "violent felony" is defined in § 924(e)(2)(B) as "any crime punishable by imprisonment for a term exceeding one year . . . that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary [or] arson . . . ." 18 U.S.C. § 924(e)(2)(B)(i), (ii). In *Taylor v. United States*, the Supreme Court held that, for purposes of a § 924(e) sentence enhancement, the court need look only to the statutory definition of the offense or the charging paper to determine whether an offense was a "violent felony" within the meaning of the statute. 495 U.S. 575, 602, 110 S. Ct. 2143, 2160, 109 L. Ed. 2d 607 (1990).

Moreover, like § 924(e)(2)(B)(i), the career offender provision of the guidelines defines a "crime of violence," in pertinent part, to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). We determined in *United States v. Gay*, 251 F.3d 950 (11th Cir. 2001), that a prior escape conviction

3

was a "crime of violence" for purposes of the career offender provision because it did not contain ambiguities, but presented a potential risk of violence, even when it involved a "walk-away" from unsecured correctional facilities. 251 F.3d at 955.

As an initial matter, although Darby asserts that "none of [his] offenses" qualify as "violent offenses," Darby only argues in his brief that his escape conviction does not qualify as a "violent felony" for purposes of the ACCA and, therefore, has abandoned any arguments with regard to the classification of his burglary and arson convictions. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (deeming an issue waived where a party fails to include substantive argument); *see also* 18 U.S.C. § 924(e)(2)(B)(ii) (specifying that burglary and arson are violent felonies for purposes of the provision).

As to Darby's escape conviction, Darby was convicted of escape in the third degree in violation of ALA. CODE § 13A-10-33 (1975), which provides that "[a] person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." ALA. CODE § 13A-10-33(a) (1975). As mentioned earlier, we have held that an escape conviction amounts to a "crime of violence" for purposes of the career offender guidelines. There is no meaningful distinction between the language of the career offender provision and the language of § 924(e)(2)(B). Although the commentary to § 4B1.4 notes that the definition of

4

"violent felony" used in the armed career criminal provision is not identical to the definition of "crime of violence" used in the career offender provision, the pertinent portions of the definitions are the same. Therefore, under the reasoning of *Gay* and the language of § 924(e), Darby's escape conviction amounted to a "violent felony." Accordingly, Darby was an armed career criminal because he had three prior "violent felonies" within the meaning of the ACCA.

In his second argument on appeal, Darby asserts that the district court erred in relying on the fact that the rifle used in the offense was stolen when that fact was neither admitted by him nor found by a jury. We review a preserved *Booker* claim on appeal *de novo* and reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). In *Booker*, the Supreme Court (1) held that, pursuant to the mandatory Sentencing Guidelines, the Sixth Amendment was violated when a sentence was enhanced based solely on judicial fact-finding; and (2) rendered the Sentencing Guidelines advisory only. *Booker*, 543 U.S. at 233-35, 259-60, 125 S. Ct. at 749-51, 764. Thereafter, we have recognized two types of *Booker* errors: (1) a Sixth Amendment constitutional error of enhancing a defendant's sentence using judge-found facts under a mandatory guideline system; and (2) a statutory error of applying the now advisory guidelines as mandatory. *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

5

The use of extra-verdict enhancements in an advisory guidelines scheme, however, is not unconstitutional. *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005). A district court may determine enhancements based on a preponderance of the evidence standard as long as the guidelines are applied in an advisory fashion. *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005).

Here, the record demonstrates that the district court sentenced Darby under an advisory scheme and, therefore, did not commit a *Booker* error by enhancing his sentence pursuant to § 2K2.1(b)(4). Moreover, the enhancement had no effect on the guideline application because, as discussed above, Darby's offense level was properly adjusted to 33, pursuant to § 4B1.4(b)(3)(B), because he was an armed career criminal, irregardless of the two-level increase pursuant to § 2K2.1(b)(4). Thus, Darby's second claim has no merit.

Darby's last argument on appeal is that the district court erred when it denied his motion for judgment of acquittal because there was insufficient evidence to convict him of being a felon-in-possession of a firearm. We review *de novo* the denial of a motion for judgment of acquittal based on insufficient evidence. *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001). The relevant inquiry in determining whether sufficient evidence supports a conviction is "whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002) (internal citations omitted). All reasonable inferences are drawn, and all facts are viewed, in the government's favor. *Hansen*, 262 F.3d at 1236. "Where the government's case is based on circumstantial evidence, 'reasonable inferences, and not mere speculation, must support the jury's verdict.'" *Charles*, 313 F.3d at 1284 (internal citations omitted). However, a "jury is free to choose among reasonable constructions of the evidence." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999).

Section § 922(g) provides in pertinent part, "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1). Therefore, "[t]o establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). "The government need not prove actual possession in order to establish knowing possession; it need only show

7

constructive possession through direct or circumstantial evidence. Constructive possession exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control." *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006).

Credibility determinations of witnesses fall within the exclusive province of the jury and may not be revisited unless the testimony is "incredible as a matter of law." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997). Testimony is incredible as a matter of law if it is "unbelievable on its face," or if it includes "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.*

As an initial matter, we note from the record that Darby stipulated to the first and third elements of the offense. Thus, the only issue is whether sufficient evidence supports the finding that he possessed the rifle. With regard to that element, sufficient evidence supports Darby's conviction because, viewing the evidence in the light most favorable to the government, a reasonable jury could have found beyond a reasonable doubt that Darby was in knowing possession of the rifle based on the testimony of the government's witnesses. Although there may have been inconsistencies in their testimony, the government's witnesses testified to matters that they physically observed and, therefore, their testimony

was not incredible as a matter of law.  While there was no physical evidence linking Darby to the offense, the jury still was entitled to find, based on a reasonable construction of the evidence, that Darby possessed the Remington rifle. Accordingly, there was sufficient evidence to prove that Darby was in knowing possession of a firearm, and Darby stipulated that he was a convicted felon and the firearm was in or affected interstate commerce.

For the above-stated reasons, we affirm Darby's convictions.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia